| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Eduardo Martinez-Herrera, | ) | No. CIV 07-0267-PHX-NVW (DKD) |
| Petitioner, | ) ) | **SUPPLEMENTAL REPORT AND RECOMMENDATION** |
| vs. | ) ) | |
| Phillip Crawford, ICE Field Office Director, | ) ) ) | |
| Respondent. | ) ) | |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

On February 6, 2007, Eduardo Martinez-Herrera filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that he is not subject to mandatory detention under 8 U.S.C. § 1226(c) and is entitled to a bond redetermination hearing before an immigration judge, because he was taken into custody by the Department of Homeland Security more than five years after he was released from state custody. The Government initially argued that because Martinez-Herrera is now in the 90-day immediate removal period during which his detention is mandated by statute, he is not entitled to habeas relief. On April 26, 2007, the undersigned Magistrate Judge recommended that Martinez-Herrera's petition be denied and dismissed with prejudice. *See* Doc. #5.

In his Objections to the Report and Recommendation and Motion for Reconsideration, Martinez-Herrera clarified that there was no final order of removal, and that his appeal was still pending before the Board of Immigration Appeals. *See* Doc. #6. The Government

admitted the error, and the District Court referred the case for a further Report and Recommendation. The Court recommends that the petition be granted.

## BACKGROUND

Martinez-Herrera is a native and citizen of Guatemala, who entered the United States in 1988 without being admitted or paroled by an immigration officer, and without the permission of the Attorney General (Doc. #4, Exh 1). On October 25, 1999, he was convicted in Utah County, Utah of Theft by Receiving Stolen Property, Attempted Purchase/ Possession of a Dangerous Weapon, and Use/Possession of Drug Paraphernalia. He was sentenced to one year in jail with credit for time served, and was released from custody in 2000.

Over five years after his release from state custody,[1] on September 28, 2005, the Department of Homeland Security issued a Notice to Appear, charging Martinez-Herrera with removability pursuant to § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General; §1182(a)(2)(A)(i)(I), as an alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; and § 1182(a)(2)(A)(i)(II), as an alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a violation of any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (*Id.*, Exh 3).[2]

---

[1]Martinez-Herrera argues that because his "release" from custody for the crime subjecting him to mandatory detention occurred five years ago, § 1226(c) should not apply. Although this is a strong argument, *see Quezada-Bucio v. Ridge*, 317 F. Supp. 2d 1221 (W.D. Wash. 2004), the Court recommends relief on other grounds.

[2]During his removal proceedings, DHS issued a bond determination of "No Bond" (*Id.*, Exh 11). Upon Martinez-Herrera's October 6, 2005 motion for a change in the custody status brought pursuant to 8 C.F.R. § 1236.1(d)(1), the immigration judge determined that

- 2 -

1  On November 8, 2005, Martinez-Herrera admitted the allegations, and indicated a
2  desire to apply for adjustment of status, asylum, withholding of removal, and protection
3  under the Convention Against Torture (*Id*., Exh 4, 11/8/05 R.T. at 22-25).  On January 26,
4  2006, the immigration judge determined that Martinez-Herrera was ineligible for a section
5  212(h) waiver of inadmissibility, or for voluntary departure, and denied his applications for
6  adjustment of status, asylum, withholding of removal, and protection under the Convention
7  Against Torture, and ordered him removed to Guatemala (*Id*., Exh 5 at 5, 7-14).

8  On appeal, Martinez-Herrera moved to remand to the immigration judge to allow him
9  to consider the application for adjustment of status, on the basis that the state court had
10 amended his controlled substance conviction from "Use/Possession of Drug Paraphernalia"
11 to "Solicitation to Use or Possess Drug Paraphernalia" (*Id*., Exh 6).  On June 12, 2006, the
12 Bureau of Immigration Appeals granted his motion (*Id*., Exh 7).  On September 13, 2006, an
13 immigration judge found that Martinez-Herrera qualified for a section 212(h) waiver and
14 granted his application for adjustment of status (*Id*., Exh 8).  DHS appealed, and the BIA
15 sustained the appeal (*Id.*, Exh 9).

16 A review of the Ninth Circuit Docket indicates that on January 23, 2007, Martinez-
17 Herrera filed a Petition for Review and a Motion for Stay; on February 2, 2007, the Ninth
18 Circuit issued a stay of removal.  On February 7, 2007, the immigration judge entered an
19 order of removal (*Id.*, Exh 10). [3]  Martinez-Herrera appealed the order of removal on March

---

he lacked jurisdiction to redetermine custody status (*Id*., Exh 12).  Petitioner moved for bond re-determination on November 13, 2006; the immigration judge again determined that he had no jurisdiction (*Id*., Exh 13).  On appeal, the BIA agreed, citing *Matter of Rojas*, 23 I&N Dec. 117 (BIA 2001).  In light of the Court's recommendation, it need not address this issue.

[3]On February 9, 2007, the BIA dismissed Martinez-Herrera's *bond* appeal (Doc. #14).  The Government erred in its initial response in characterizing this as a dismissal of the appeal of the removal order.  Based upon that error, the Government contended that the removal period had begun, and that Martinez-Herrera was still within the statutorily authorized 90-day detention under 8 U.S.C. § 1231(a)(1)(B)(i).  Relying on the Government's avowal, the Court recommended dismissal of his petition.

- 3 -

5, 2007; briefing was due by April 12, 2007 (Doc. #6). The appeal is still pending before the BIA.

## DISCUSSION

During the removal proceedings, beginning on September 28, 2005, when Martinez-Herrera was issued the Notice to Appear, and continuing today because of his appeal pending before the BIA, 8 U.S.C. § 1226(c) governs Martinez-Herrera's detention. Of the 21 months, 80% of the time was spent in detention during administrative proceedings. In *Kim v. Demore*, 538 U.S. 510 (2003), the Supreme Court held that mandatory detention of criminal aliens pursuant to 8 U.S.C. § 1226(c) was constitutional "for the brief period necessary for their removal proceedings." 538 U.S. at 512. The alien's detention in *Kim* lasted six months.

In *Tijani v. Willis*, the Ninth Circuit held that "the authority conferred by § 1226 [applies] to expedited removal of criminal aliens." 430 F.3d 1241. In *Tijani*, a period of 30 months, including both administrative and court proceedings, was held to be not expeditious. In *Tijani*, two-thirds of the time the alien had been detained was due to the length of the administrative proceedings.[4] However, the Ninth Circuit also considered important the fact that "the vast majority of Tijani's detention - over 22 of the nearly 30 months that have so far elapsed - has occurred while the BIA *and this Court* have considered his appeals." *Tijani*, 430 F.3d at 1246 (emphasis added).

In this case, 80% of Martinez-Herrera's detention-16 months of the 21 months that have so far elapsed - has also occurred during the administrative proceedings (which are still ongoing with no definite termination point). A large portion of the time elapsed occurred as the result of "an *unreasonable* delay by the INS in pursuing and completing deportation proceedings." It is not the "expedited removal" required by *Tijani*. Instead, it has reached the point where it has "become necessary then to inquire whether the detention is not to

---

[4] "[T]he IJ took almost seven months to issue his decision; the BIA took just short of an additional 13 months." 430 F.3d at 1241, n.3 (Tashima, J., concurring).

- 4 -

facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons." *Kim*, 538 U.S. at 532 (Kennedy, J., concurring).

Finally, this case is unlike *Kim*, where "the detention... is of a much shorter duration," with "a definite termination point." 538 U.S. at 529. It more closely resembles the situation in *Zadvydas*, where the period of detention was "indefinite" and "potentially permanent." 533 U.S. at 690-91. The amount of time Martinez-Herrera has been detained for the administrative proceedings *is still ongoing*, given the recent remand to the BIA - longer than the proceedings in *Kim*, and even the time period in *Tijani*, with no "definite termination point."[5]

**IT IS THEREFORE RECOMMENDED** that Eduardo Martinez-Herrera's petition for writ of habeas corpus be **GRANTED** (Doc. #1).

**IT IS FURTHER RECOMMENDED** that the District Court order Martinez-Herrera's release from custody under an order of supervision, or in the alternative order the Government, within 60 days of the District Court's Order, to provide a hearing to Martinez-Herrera before an immigration judge with the power to grant him bail unless the Government establishes that he is a flight risk or will be a danger to the community.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and

---

[5] It is also noteworthy that Martinez-Herrera has been granted relief by one immigration judge in the form of a section 212 waiver of inadmissibility. *See Nadajarjah v. Gonzalez*, 443 F.3d 1069 (9th Cir. 2006).

- 5 -

1  Recommendation by the district court without further review. *See United States v. Reyna-*
2  *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual
3  determinations of the Magistrate Judge will be considered a waiver of a party's right to
4  appellate review of the findings of fact in an order or judgment entered pursuant to the
5  Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

6  DATED this 20th day of June, 2007.

_____
David K. Duncan
United States Magistrate Judge